The Honorable Marsha J. Pechman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHEF'N CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRUDEAU CORPORATION, a Canadian corporation, <br><br> Defendant. | Case No. C08-1135-MJP <br><br> ORDER ON CHEF'N CORPORATION'S MOTION TO EXCLUDE EXPERT REPORT OF PERRY J. SAIDMAN |

This matter comes before the Court on Plaintiff's motion to exclude Defendant's expert report. (Dkt. No. 52.) The Court has reviewed the motion, the response (Dkt. No. 55), the reply (Dkt. No. 56), and other pertinent documents in the record. For the reasons set forth below, the Court DENIES Plaintiffs' motion at this time.

On January 9, 2009 Defendant provided Plaintiffs with a copy of its "Expert Report of Perry Saidman." (Costanza Decl. ¶ 2, Ex. 1) Plaintiff objects to the entire report as improper, unreliable, and irrelevant. (Dkt. No. 52 at 7.) In Sundance, Inc. v. Demonte Fabricating, Ltd., the Federal Circuit observed that "[a]llowing a patent law expert without any technical expertise to testify on the issues of infringement and validity amounts to nothing more than advocacy from the witness stand." 550 F.3d 1356, 1364-65 (Fed. Cir. 2008) (further observing that a witness must be qualified as an expert in the pertinent art in order to testify on the issues

ORDER ON MOTION TO EXCLUDE - 1

of non-infringement or invalidity). At the same time, the court noted that a patent law expert could offer testimony analyzing patent office practice and procedure. Id. at 1363, n.5.

Plaintiff's motion is problematic because it objects to the entire Saidman report even though Defendant has not offered the testimony at trial or in a motion.[1] Sundance allows testimony from patent law experts in certain contexts. See id. at 1363. Thus, it would be premature for the Court to exclude Saidman's testimony without any knowledge of context in which it is offered. The Court will rule on the admissibility of specific testimony at the appropriate time and in keeping with the limitations Sundance provides.

Plaintiff's motion to exclude is DENIED without prejudice to bring a renewed motion if and when Defendant offers Mr. Saidman's testimony.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

DATED this 4th day of March, 2009.

Marsha J. Pechman
United States District Judge

---

[1] At the time Plaintiff filed the present motion, there were no motions pending before the Court. Defendant has since filed a motion for summary judgment (Dkt. No. 62), but it has not offered Mr. Saidman's report in support of that motion.

ORDER ON MOTION TO EXCLUDE - 2