# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHEF'N CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TRUDEAU CORPORATION,<br><br>Defendant. | Case No. C08-01135 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 62.) Having considered the motion, Plaintiff's response (Dkt. No. 66), Defendant's reply (Dkt. No. 69), and the documents submitted in support thereof, the Court STRIKES the Declarations from Maryann Samsa (Dkt. No. 67) and Frank Brady (Dkt. No. 68) and GRANTS the motion for summary judgment.

## Background

Plaintiff Chef'n is a Washington corporation that designs aesthetically pleasing kitchen products, including a colored, silicone vegetable steamer. (Dkt. No. 1 at 1-2.) Chef'n has a patent, U.S. Patent No. D556,503 ("the '503 Patent"), for the ornamental design of its silicone vegetable steamer. U.S. Patent No. D556,503 (filed Jan. 22, 2007). Defendant Trudeau is a Canadian corporation that sells kitchen and table products, including a silicone steamer that Chef'n claims infringes the '503 Patent. (Dkt. Nos. 28 at 1-3; 66 at 8.)

ORDER - 1

After filing suit, Plaintiff moved for a preliminary injunction to stop Defendant's alleged infringement. (Dkt. No. 17.) In denying Plaintiff's motion, the Court determined that Plaintiff was unlikely to succeed on the merits of its infringement claim. (Dkt. No. 44 at 5.) Defendant's motion does not challenge the validity of the '503 Patent, but requests summary judgment on the issue of non-infringement. (Dkt. No. 62 at 11.)

**Discussion**

"A design patent protects the non-functional aspects of an ornamental design as shown in the patent." Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995). A design patent is infringed by the unauthorized manufacture, use, or sale of an article that embodies the design or a colorable imitation of the design. 35 U.S.C. § 289; Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., 162 F.3d 1113, 1116-17 (Fed. Cir. 1998). To establish infringement, the patentee must show that the ordinary observer familiar with the prior art would be deceived into believing that the accused device is the same as the patented design. Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 681 (Fed. Cir. 2008).

I. **Motions to Strike**

In opposition to Defendant's motion, Plaintiff submitted declarations of Maryann Samsa, a professional buyer for the retail chain "Kitchen Kaboodle," and Frank Brady, CEO of a marketing company that specializes in sales and marketing to kitchen product retailers and distributors. (Dkt. Nos. 67, 68.) Defendant moves to strike the declarations because they run afoul of relevance and expert opinion rules. (Dkt. No. 69 at 9-12.)

Defendant argues that these declarations are irrelevant under Fed. R. Evid. 401 and 402. (Dkt. No. 69 at 9-10.) Defendant is correct that substantial similarity should not be determined by experts in design, but by the ordinary observer who is the purchaser of vegetable steamers. See Goodyear Tire, 162 F.3d at 1117 (citing Gorham Co. v. White, 81 (14 Wall.) U.S. 511, 528 (1871)). However, because substantial similarity—a fact of consequence to the determination of the action—is determined in light of the prior art, the

Samsa and Frank declarations are relevant to the extent they discuss the prior art and the '503 design's novelty over the prior art.

Defendant's argument that the declarations are inadmissible under Fed. R. Evid. 701 and 702 is more compelling. (Dkt. No. 69 at 10-12.) Under Fed. R. Evid. 701, lay witness testimony is limited to opinions "rationally based on the perception of the witness" and "not based on . . . specialized knowledge within the scope of Rule 702." Ms. Samsa and Mr. Brady both opine about the perceptions of ordinary kitchen product consumers. (Samsa Decl. ¶¶ 8, 11-14; Brady Decl. ¶¶ 13, 14, 16-19.) Both declarants attempt to legitimate their conclusions by describing their decades of experience with and specialized knowledge about kitchen products. (Samsa Decl. ¶ 1 (stating that Ms. Samsa has 20 years as a professional buyer for Kitchen Kaboodle); Brady Decl. ¶¶ 1, 5, 6 (stating that Mr. Brady has 40 years experience with kitchen products, is a named inventor of kitchen product design and utility patents, and is an "author in the kitchen products and housewares area.").) The declarations are inadmissible as lay witness opinions because they are based on the declarants' professional experience in the kitchen product market and because there is no indication that either declarant has personal knowledge of ordinary observers' perceptions.

Under Fed. R. Evid. 702, expert testimony is admissible if it "will assist the trier of fact" and is "based on sufficient facts or data." A jury is "a panel of ordinary observers capable of making a factual determination as to whether they would be deceived by an accused device's design." Braun Inc. v. Dynamics Corp. of America, 975 F.2d 815, 821 (Fed. Cir. 1992) (citing Gorham, 81 U.S. at 530). The declarations are inadmissible under Fed. R. Evid. 702 because expert opinions on ordinary observers' thoughts or perceptions will not assist the trier of fact. Moreover, the declarations lack a sufficient factual basis because there is no evidence that the opinions are based on consumer surveys or interviews. Therefore, the Court grants Defendant's motion to strike the declarations.

## II. Summary Judgment

Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Federal Circuit "has repeatedly emphasized that 'summary judgment is as appropriate in a patent case as in any other.'" Avia Group Int'l., Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1561 (Fed. Cir. 1988) (abrogated on other grounds) (internal citations omitted). However, if the party opposing the motion for summary judgment "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court has discretion to deny the motion, order a continuance to permit further discovery, or issue "any other just order." Fed. R. Civ. P. 56(f).

A Rule 56(f) continuance is not necessary and Trudeau is entitled to judgment of non-infringement as a matter of law because Chef'n has failed to raise a genuine issue of material fact as to substantial similarity.

### a. Summary Judgment Motion is not Premature

The Court is not persuaded by Plaintiff's argument that Trudeau's summary judgment motion is premature. (Dkt. No. 66. at 26.) Although Fed. R. Civ. P. 56(f) gives the Court discretion to deny the motion or grant a continuance for more discovery, the Rule requires that Chef'n submit an affidavit pointing out specific reasons why it cannot substantiate its opposition to Trudeau's motion. "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). Chef'n has failed to file an affidavit, and its references to Rule 56(f) and accompanying caselaw are not a motion under Fed. R. Civ. P. 56(f). Id. ("References in memoranda . . . to a need for discovery do not qualify as motions under Rule 56(f).").

ORDER - 4

Furthermore, this is not a case where the summary judgment was filed so early that Chef'n "had [no] realistic opportunity to pursue discovery relating to its theory of the case." Burlington N. Santa Fe R.R. Co. v. Assiniboine, 323 F.3d 767, 773 (9th Cir. 2003). The suit was filed ten months ago and the parties held their Fed. R. Civ. P. 26(f) conference over six months ago. (Dkt. Nos. 1, 20.) Chef'n bears the burden to "proffer sufficient facts to show that the evidence sought exists . . . and that it would prevent summary judgment." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.1996). Chef'n has had ample time to conduct discovery, but it has been unable to produce evidence that creates a triable issue of fact with regard to infringement. Additional discovery will not alter the scope of the '503 Patent or how similarity is perceived by the ordinary observer.

      b. Infringement

In Egyptian Goddess, the Federal Circuit returned to the ordinary observer test for design patent infringement that was first articulated by the Supreme Court in Gorham:

> [I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

81 U.S. at 528.

Under the ordinary observer test, the similarities and differences between the accused product and the patented design are assessed in light of the prior art. Egyptian Goddess, 543 F.3d at 676. Therefore, to prove design patent infringement, the patentee must show that the ordinary observer familiar with the prior art would be deceived into believing that the accused device is the same as the patented design. Id. at 681. However, the test is one of overall appearance and effect, and differences in the details of the drawings or configuration "will not destroy substantial identity." Id. at 670 (citing Gorham, 81 U.S. at 526-27, 531); accord

Goodyear Tire, 162 F.3d at 1117 ("[M]inor changes in design are often readily made without changing its overall appearance.").

The '503 Patent claims "[t]he ornamental design for a steamer, as shown and described" in figures depicting the front perspective view, the bottom plan view, the right side elevation view, the front elevation view, the top plan view, and the left side elevation view. '503 Patent, Figs. 1-6. The handles and holes are shown in broken lines in the '503 figures and thus, are not part of Plaintiff's patented design. See Manual of Patent Examining Procedure § 1503.02.

The Court recognizes findings of fact and conclusions of law made at the preliminary injunction phase of a design patent infringement case are not binding on later proceedings. See Illinois Tool Works, Inc. v. Grip-Pak, Inc., 906 F.2d 679, 681-82 (Fed. Cir. 1990) (citing Roper Corp. v. Litton Sys., Inc., 757 F.2d 166, 1271 (Fed. Cir. 1985)). Nevertheless, the Court is convinced Defendant is entitled to summary judgment. Even though the ordinary observer test is one of overall similarity, the differences between the Trudeau steamer and the '503 design are more than "mere difference of lines in the drawing or sketch … or slight variances in configuration." Egyptian Goddess, 543 F.3d at 670.

The '503 Patent indicates a bowl shape, with two circular solid lines below the top rim. '503 Patent, Figs. 1, 4, 5. Viewing evidence in the light most favorable to Chef'n and accepting its interpretation that these lines "depict change in curvature or slope of a surface," the '503 Patent "as shown and described" is limited to a surface with three different slopes and a depressed center ring. (See Dkt. No. 66 at 19.) The Trudeau steamer has only one change in concavity between its base and sides. (See Dkt. No. 17 at 13-14; see also Holcomb Decl., Ex. K.) An ordinary observer familiar with the prior art would recognize that the '503 design presents a more complex structure in terms of slope. See Elmer, 67 F.3d at 1577-78 (holding that the design patent's scope was limited to the features shown in the patent's six

1  drawings, and an accused product lacking those features had a substantially different overall

2  ornamental appearance).

3  The '503 Patent also indicates a small, depressed ring at the center of the steamer.

4  '503 Patent, Figs. 1, 2, 5. In contrast, the Trudeau steamer has a flat center, and lacks any

5  central ring other than that formed by its hole pattern.[1] (Holcomb Decl., Ex. K.) This striking

6  difference contributes to the overall dissimilarity between the designs, which even in light of

7  the '503 Patent's novelty over the prior art, would not deceive an ordinary observer and

8  induce that observer to purchase of a Trudeau steamer supposing it to be a Chef'n steamer.

9  (See Holcomb Decl., Ex. H. (containing prior art references considered by the U.S. Patent &

10 Trademark Office during examination of the '503 Patent).)

11 In addition, there are no material issues of fact regarding the scope of the relevant

12 prior art and functionality. (Dkt. No. 66 at 17-22. ) Chef'n is correct that Trudeau has not

13 met its burden of establishing that the round shape and concavity of the steamers is found in

14 the prior art. However, the argument is not material because the Court recognizes that

15 Trudeau's prior art references are not helpful to the analysis under the ordinary observer test.

16 Crediting Defendant's failure to produce prior art steamers to Chef'n, the Court acknowledges

17 that the shape and concavity of the '503 design represent significant departures from the prior

18 art. However, despite these novel similarities, the visual differences are significant enough to

19 find that the two designs are not deceptively similar.

20 As a final matter, Chef'n argues that Defendant's steamer infringes the '503 Patent

21 under the doctrine of equivalents. (Dkt No. 66 at 16-17.) Although the doctrine's

22 applicability in design patent contexts has been questioned, the Federal Circuit has

23 acknowledged that it applies. See Sun Hill Indus. Inc. v. Easter Unlimited, Inc., 48 F.3d

24 1193, 1196, 1199 (Fed. Cir. 1995) (abrogated on other grounds) ("While the doctrine of

---

[1] The holes are functional and disclaimed from the '503 Patent; therefore, any hole pattern similarity between the Trudeau steamer and the '503 design is of no consequence. (See Dkt. No. 66 at 8-9.)

equivalents applies to design patent cases, . . . it applies only when the accused product includes features equivalent to the novel claimed design features."). However, the <u>Egyptian Goddess</u> court clarified the test for design patent infringement without articulating a separate test for infringement under the doctrine of equivalents. 543 F.3d at 670, 676. This Court finds that, with only one change in concavity and a flat, ring-less center, the Trudeau steamer could not reasonably be found equivalent to the '503 design.

A finding of non-infringement may rely exclusively on the visual comparison of a patented design and the accused device. <u>See</u> <u>Braun</u>, 975 F.2d at 821. Such an examination has convinced the Court an ordinary observer could not reasonably find substantial similarity between the '503 design and the Trudeau steamer. Therefore, Defendant is entitled to a finding of non-infringement as a matter of law.

**Conclusion**

The Samsa and Brady declarations are inadmissible opinions under either Fed. R. Evid. 701 or 702; therefore, this Court GRANTS Defendant's motion to strike. Because Plaintiff has failed to produce sufficient evidence to raise a genuine issue of material fact as to substantial similarity between its patented design and Defendant's steamer, this Court GRANTS Defendant's motion for summary judgment. Judgment shall be entered in favor of Defendants.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 4th day of June, 2009.

_/s/ Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER - 8